IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STANLEY SANDERS #2326379 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv139 |
| BRYAN COLLIER, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former inmate of the Texas Department of Criminal Justice (TDCJ) who brought this suit while he was still a prisoner, alleges violations of his civil rights in the TDCJ's Powledge Unit pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Court has previously found that Plaintiff states a non-frivolous claim against food service manager Nina Tanner for failing to provide him with adequate nutrition in compliance with his particular dietary requirements, but it dismissed Plaintiff's claims against the TDCJ, TDCJ Executive Director Bryan Collier, TDCJ Director of Laundry, Food Service and Supply Richard Babcock, and Powledge Unit Senior Warden Nicole Sandifer on June 17, 2022. (Dkt. ##4, 15.) Specifically, the Court accepted the recommendation from the undersigned that Plaintiff had failed to allege any personal involvement by those Defendants and that any claims against them in their official capacities were redundant to the claim against Tanner in her official capacity. (*Id.*)

Plaintiff has now filed an amended complaint, which was his right under Rule 15 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(a)(1) (authorizing one amendment "as a matter of course" at initial stages of a lawsuit). The amended complaint once again names Collier, Babcock, and Sandifer as Defendants in their individual and official capacities. (Dkt. #23 at 1–2.)

But Plaintiff's claims against these Defendants in the amended complaint are materially identical to the claims the Court already dismissed. Once again, it is clear that Plaintiff sues these Defendants simply because he deems them "legally responsible" for various prison operations. (Dkt. #23 at 2.) Other than identifying their official positions in TDCJ, Plaintiff alleges that he wrote them "a detailed letter" on January 31, 2022, which quoted case law and gave them "detailed notice of Plaintiffs rights being violated," but "they did not respond, they did not intervene in this matter what-so-ever." (*Id.* at 6–7.) Plaintiff alleges that Warden Sandifer spoke with Tanner about the situation but "still has not elected to stop these daily violations of Plaintiffs rights." (*Id.* at 7.) In a memorandum attached to the amended complaint, Plaintiff asserts that "[t]he defendants were made aware of these constitutional violations by the very notice of the filing of Grievances within the TDCJ" and "[y]et even more so" by his letter. (Dkt. #23-7 at 34.) He further alleges that Sandifer personally signed a response to his grievance. (*Id.* at 35–36.)

As the undersigned previously explained, lawsuits against supervisory personnel based on their positions of authority are generally impermissible in Section 1983 cases, *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990), and "a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability." *Blakely v. Andrade*, 360 F. Supp. 3d 453, 489 (N.D. Tex. 2019). The fact that Sandifer responded to Plaintiff's grievance likewise does not make her personally liable for any underlying violations. *See Emmons v. Painter*, No. MO:20-CV-00185-DC, 2021 WL 2832977, at *10 (W.D. Tex. May 23, 2021) ("[A]llegations that Defendants' denial of grievances evidenced both their personal involvement and a policy of deliberate indifference do not withstand pretrial screening."); *Selders v. LeBlanc*, No. CV 19-13075, 2020 WL 5097599, at *3 (E.D. La. July 1, 2020), *report and recommendation adopted*, No. CV 19-13075, 2020 WL 5095328 (E.D. La. Aug. 28, 2020) (dismissing claims against defendant who "is

in charge of the jail and responded to two of [plaintiff's] grievance complaints" because "having a role in the grievance process does not create personal liability much less supervisory liability"). Thus, for the same reasons set forth in more detail in the previous Report and Recommendation (Dkt. #4), Plaintiff still fails to state a claim against either Collier, Babcock, or Sandifer in their individual capacities.

To the extent Plaintiff sues these Defendants in their official capacities, those claims also remain subject to dismissal for the same reasons previously explained, plus the added reason that Plaintiff's declaratory and injunctive-relief "claims became moot upon his release from prison." *Walters v. Livingston*, 642 F. App'x 416, 418 (5th Cir. 2016); (*see* Dkt. #22 (Plaintiff's notice of change of address)).

For the reasons set forth above and in the previous Report and Recommendation (Dkt. #4), Plaintiff's amended complaint fails to state a claim upon which relief can be granted against Defendants Collier, Babcock, and Sandifer.

RECOMMENDATION

Accordingly, the undersigned recommends that all claims against Defendants, Collier, Babcock, and Sandifer be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 42 U.S.C. § 1997e(c).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 30th day of August, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE