UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00139

**Stanley Sanders,**
*Plaintiff,*
v.
**Bryan Collier et al.,**
*Defendants.*

# ORDER

Plaintiff Stanley Sander, a former inmate proceeding pro se, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 2.

The court previously dismissed plaintiff's claims against Texas Department of Criminal Justice Executive Director Bryan Collier, Director of Laundry, Food Service and Supply Richard Babcock, and Powledge Unit Senior Warden Nicole Sandifer for failure to state a claim upon which relief can be granted. Doc. 15. Plaintiff then filed an amended complaint and reasserted materially identical claims against those same defendants. Doc. 23 at 1–2.

On August 30, 2022, the magistrate judge issued a report recommending that plaintiff's claims against these defendants be dismissed again with prejudice pursuant to 28 U.S.C. § 1915A(b). Doc. 24. Plaintiff filed written objections. Doc. 25.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal of these officials as defendants because plaintiff does not allege facts showing that these defendants were personally involved in violating his constitutional rights in their individual capacities, and any claims for injunctive relief against them in their official

capacities would be redundant to similar claims that remain pending against defendant Tanner. Doc. 24 at 2–3.

Plaintiff's objections simply confirm that he seeks to hold these defendants liable because of their supervisory positions rather than any involvement in the allegedly unconstitutional meal service about which he complains. He asserts that the causal connection between these defendants and the violation of his rights is established by a letter he sent them "that detailed these ongoing and daily violations" and the fact that "not a single one of them moved to correct this, when each of them had the authority to do so." Doc. 25 at 3–4. He further asserts that defendant Sandifer personally responded to his grievance about the food service. *Id.* at 5. Beyond those two facts and a wholly conclusory allegation of conspiracy, plaintiff relies only on defendants' positions of authority as the bases for their liability. *Id.* at 2, 4–5. Yet, as the court previously held, the alleged failure to remedy a violation in response to a prisoner's grievances or letters does not suffice to make supervisory officials liable under § 1983. Doc. 15 (citing *Mitchell v. Valdez*, No. 3-07-CV-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007) (supervisors not responsible for the constitutional violations of their subordinates or for failing to take corrective action in response to grievances)).

Having reviewed the magistrate judge's report de novo and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. The court again dismisses defendants Collier, Babcock, and Sandifer pursuant to 28 U.S.C. § 1915A(b).

*So ordered by the court on November 10, 2022.*

J. CAMPBELL BARKER
United States District Judge