IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STANLEY SANDERS | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv139 |
| BRYAN COLLIER, et al. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRTE JUDGE</u>

Plaintiff Stanley Sanders, a former inmate of the Texas Department of Criminal Justice (TDCJ), *pro se*, filed this complaint under 28 U.S.C. § 1983 complaining of alleged violations of his constitutional rights in prison. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Collier, Babcock, and Sandifer were dismissed from this case by previous Order. (Dkt. #26.) Now before the Court is the motion by Defendant Nina Tanner for summary judgment on the merits of Petitioner's claims. (Dkt. #39.) For the reasons explained below, the undersigned recommends that the motion be denied on procedural grounds with leave to refile.

**I. Plaintiff's Claims**

Plaintiff sues Food Service Manager Nina Tanner for allegedly denying him adequate nutrition and a medically ordered diet by serving him foods to which he has known allergies and not permitting adequate substitution. (Dkt. #23.) He alleges resulting injuries including chronic constipation, indigestion, heart burn, hypertension, and sores in his mouth. (*Id.* at 6–7.) Among other relief, he seeks monetary damages totaling $70,000. (*Id.* at 8.)

**II. Defendant's Motion**

Defendant Tanner moves for summary judgment on the bases that any claim for injunctive relief is moot in light of Plaintiff's release from prison, the evidence establishes that Tanner was not deliberately indifferent to Plaintiff's needs and she is entitled to qualified immunity on that issue, and Plaintiff has not established that he is entitled to punitive damages. (Dkt. #39 at 2.)

In support of her motion, Defendant attached institutional records with custodian affidavits totaling 772 pages. (Dkt. ##39-1–39-5.) She relies largely on a referenced affidavit of Dr. Vincent to make sense of those records: "As evidenced by Dr. Vincent's analysis of Sanders' medical, grievance, and commissary records, nothing about any of these alleged incidents rises to the level of deliberate indifference." (Dkt. #39 at 12–13.) However, the Court is unable to locate Dr. Vincent's affidavit in the record and cannot properly evaluate Defendant's motion without it.

**III. Legal Standards**

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid*

*Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-Campbell, Inc.*, 164 F.3d at 961. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing

party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

**IV. Discussion and Analysis**

In litigating a motion for summary judgment, parties may not rely on the Court to "sift through the record" for the facts that support their positions. *See Forsyth v. Barr*, 19 F.3d 1527, 1536 (5th Cir. 1994) (observing with disfavor a party's filing "two volumes of evidentiary material," including "Tab 'A,' the 177–page internal affairs investigation report and attachments (without pointing to any specific portions of this document)" and holding that the "attempt to designate specific portions of the record to support their opposition to summary judgment [on appeal]" was "far too late—obviously, it should have been done in the district court"). Instead, a party seeking summary judgment has the burden of "identifying the portions of the record which reveal there are no genuine material fact issues." *Jeffcoat v. United States*, No. 3:20-CV-3276-L-BH, 2022 WL 2333894, at *1 (N.D. Tex. June 6, 2022), *report and recommendation adopted*, No. 3:20-CV-3276-L-BH, 2022 WL 2317098 (N.D. Tex. June 28, 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Movants do this "by 'citing to **particular parts** of materials in the record'" to establish the facts. *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 444 (5th Cir. 2011) (quoting Fed. R. Civ. P. 56(c)(1) (emphasis added)).

This Court has explicit requirements for how litigants must support their positions in the record, requiring summary judgment motions to "include appropriate citations to proper summary judgment evidence" and stating that "'[a]ppropriate citations' means that any excerpted evidentiary materials that are attached to the motion or the response should be **referred to by page** and, if possible, by line. Counsel are strongly encouraged to highlight or underline the cited portion of any attached evidentiary materials, unless the citation encompasses the entire page." Local Rule

CV-56(a), (d) (emphasis added). Inherent in that requirement is the notion that "[t]he court may disregard any statement of fact not supported by a specific citation to record material," and "[t]he court shall have no independent duty to search or consider any part of the record not specifically referenced." *Brousseau v. Knauf Gips KG*, No. CV 21-5-SDD-EWD, 2022 WL 1524987, at *1 (M.D. La. May 13, 2022) (quoting M.D. La. Local Rule 56(f)).

Defendant's motion in this case does not satisfy those requirements. She relies on hundreds of pages of records with very few proper citations. For example, she filed 580 pages of medical records but cites only a single page. (Dkt. #39 at 5, citing "Ex. B, attachment 1 (277).") Any significance to be gleaned from the other 579 pages is apparently left to the Court to find on its own. Similarly, she filed 161 pages of grievance records and repeatedly cites "Ex. B, attachment 2, Grievance Records" for specific grievances, but she does not provide any page numbers for those grievances. (Dkt. #39 at 11–12.) And finally, she cites for one grievance "Ex. C, Grievance Records," but Exhibit C is a commissary price list and does not include any grievance records. (Dkt. #39 at 12; Dkt. #39-5.)

Moreover, these errors and omissions are compounded in this instance by the failure to include the affidavit of Dr. Vincent, on whose analysis Defendant apparently intended to rely to explain the significance of (and perhaps properly cite to) the records in question. Defendant cites this affidavit simply as "Ex. B, Affidavit of Dr. Vincent," but if that affidavit is buried within the three volumes and 766 pages that is Exhibit B, the Court has been unable to find it.

The Court cannot conclude on the basis of this filing that there is no genuine issue of material fact to be decided.

## V. Conclusion

For the reasons explained above, Defendant has failed to present the Court with properly

cited or supported facts that would establish the lack of a genuine issue of material fact in this case. She has therefore failed to carry her burden to prevail on a motion for summary judgment.

## RECOMMENDATION

Accordingly, the undersigned recommends that Defendants' motion for summary judgment (Dkt. #39) be **DENIED** with leave to file an amended motion within thirty days with proper support and citations**.**

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 31st day of January, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE